43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re SANTA MONICA BEACH HOTEL, LTD.; Sam C. Stein, Debtors.
CHICAGO TITLE INSURANCE COMPANY, Plaintiff-Appellant,
v.
SANTA MONICA BEACH HOTEL, LTD.; Sam C. Stein; Tokai Bank
Ltd.; Official Committee of Creditors Holding
Mechanics Liens; Gosnel Development
Corporation of Arizona,
Defendants-Appellees.
 No. 93-55901.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1994.*
Decided Dec. 15, 1994.
 
 1
 Before: BROWNING, GOODWIN and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 The bankruptcy court did not abuse its discretion in choosing a valuation methodology or commit clear error in assessing relative values. The court's treatment of the intangibles as real property exemplifies the weighing of interests Congress contemplated when it vested bankruptcy courts with authority to make determinations as to value. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 356 (1977). The court's manner of classifying the proceeds did not represent a "clear error of judgment." Marchand v. Mercy Medical Center, 22 F.3d 933, 936 (9th Cir.1994). The court could reasonably determine it was the value of the real property and intangibles, rather than the personal property, that motivated the sale, and that it was therefore appropriate to maximize the real property portion of the proceeds. Liquidation values are accepted measures of fair market value. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 356 (1977); David Gray Carlson, Secured Creditors and the Eely Character of Bankruptcy Valuations, 41 Am.U.L.Rev. 63, 75 (1991).
 
 
 4
 The court's factual determinations as to value were supported by the record. In settling on a personal property value of $2.75 million, the court expressly chose a figure that fell between orderly and forced liquidation values. Moreover, the sale price itself was evidence of value and provided the court with a permissible alternative means of valuing the real property and intangibles rather than relying upon real property appraisals the court found inherently incredible. As the Federal Circuit has observed, "[trial] courts necessarily must have considerable discretion to select [a method for determining fair market value] that is most appropriate in the light of the facts of the particular case. It may be a single method or some combination of different methods." Seravalli v. United States, 845 F.2d 1571, 1575 (Fed.Cir.1988) (emphasis added). "Where there are two permissible views of the evidence, the [court's] choice between them cannot be clearly erroneous ... even when the ... findings do not rest on credibility determinations...." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985).
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3